**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4366**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

LEVONN RASHAE WILLIAMS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, District Judge.  (8:15-cr-00608-TMC-1)

Submitted:  January 23, 2018            Decided:  February 12, 2018

Before GREGORY, Chief Judge, and AGEE and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levonn Rashae Williams appeals the district court's judgment and sentence after he pled guilty to knowingly possessing a firearm and ammunition after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2012). On appeal, Williams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising the issue of whether the district court erred in finding him competent to enter a plea and capable of committing the crime due to his mental health issues. Williams was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"Before a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea" and "determine that the plea is knowing and voluntary." *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999) (citing *Godinez v. Moran*, 509 U.S. 389, 400 (1993)); *see also* Fed. R. Crim. P. 11(b)(1), (2). "Before entering judgment on a guilty plea, the court must [also] determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). However, the court is not "required to make a competency determination in every case in which a defendant seeks to plead guilty"; but "[a]s in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." *Godinez*, 509 U.S. at 402 (citations omitted).

"Title 18, United States Code, Section 4241(a) provides that the district court shall conduct a competency hearing and/or order the defendant to undergo a psychiatric evaluation 'if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent.'" *United*

2

*States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (quoting 18 U.S.C. § 4241(a)). "Whether 'reasonable cause' exists is a question left to the sound discretion of the district court." *Id.* (citing *United States v. Mason*, 52 F.3d. 1286, 1289 (4th Cir. 1995)). "Notably, the presence of some degree of mental illness is not to be equated with incompetence." *Id.* at 593 (internal quotation marks and citations omitted). "Rather, as noted, the legal test for competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks and citation omitted). "Ultimately, because district courts are in the best position to make competency determinations, which at bottom rely not only on a defendant's behavioral history and relevant medical opinions, but also on the district court's first-hand interactions with, and observations of, the defendant and the attorneys at bar, we appropriately afford them wide latitude." *Id.* (citations omitted).

We have reviewed the record and conclude that the district court did not err in finding Williams competent to enter his guilty plea or in determining that there was a factual basis for the plea before entering judgment. Moreover, we have reviewed the record in accordance with *Anders* and have found no meritorious issues for appeal.

Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a

3

copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*